O

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERT LERMA JR., an individual, | ) ) | Case No. CV 12-06704 DDP (JEMx) |
| Plaintiff, | ) ) ) | **ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND TO VACATE DEFAULT JUDGMENT** |
| v. | ) ) | [Dkt. No. 29] |
| STYLISTICS LOS ANGELES CAR CLUB, INC., a California corporation; JORGE LUIS RAMIREZ, an individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Presently before the Court is Defendant's Motion to Set Aside Default and Vacate Default Judgment ("Motion"). Having considered the parties' submissions, the Court DENIES the Motion and adopts the following order.

**I. BACKGROUND**

On August 3, 2012, Plaintiff Gilbert Lerma Jr. ("Plaintiff") filed a Complaint against Defendants Stylistics Los Angeles Car Club, Inc. ("Stylistics") and Jorge Luis Ramirez ("Ramirez") (collectively, "Defendants"), asserting claims including trademark infringement and unfair competition. (Dkt. No. 1.) Plaintiff

served Defendants with a copy of the Summons and Complaint on October 21, 2012. Plaintiff filed two proofs of service with the Court that reflected that Ramirez was personally served the Summons and Complaint as an individual defendant and as Stylistic's agent for service of process. (Dkt. Nos. 12, 13.)

On April 29, 2013, Plaintiff requested entry of default, which was entered on May 1, 2013. (Dkt. No. 15.) On June 21, 2013, Plaintiff moved for default judgment against Defendants. (Dkt. No. 17.) Defendants did not appear at the July 22, 2013 hearing on the motion for default judgment. On July 23, 2013, the Court granted Plaintiff's motion for default judgment. (Dkt. No. 24.)

On August 9, 2013, Defendants engaged counsel to represent them in this matter. (Declaration of Jared Gross ("Gross Decl."), Dkt. No. 29-2, ¶ 3.) On September 12, 2013, Defendants' counsel and Plaintiff's counsel met to discuss a possible stipulation to set aside default. (Exhibit G of Mot., Dkt. No. 29-5.) Subsequent correspondence from the week following the meeting indicates counsel for both sides were unable to come to an agreement about such a stipulation. (Id.)

On November 12, 2014, over one year after the Court granted default judgment, Defendants filed the present Motion to set aside default and vacate default judgment. (Dkt. No. 29.) Defendants move to set aside the default and vacate default judgment on the grounds that they were not properly served with the Complaint or any of the subsequent papers, and that Defendant Stylistics' suspended corporate status prohibited it from responding to Plaintiff's Complaint. Defendants argue that the facts show excusable neglect on the Defendants' behalf for their failure to

contest the default, and that Defendants have a meritorious defense to Plaintiff's claims.

**II.  LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55(c), a court has the power to set aside a default judgment in accordance with Federal Rule of Civil Procedure 60(b).  A court may set aside default judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect," or if "the judgment is void." Fed. R. Civ. P. 60(b).

A default judgment is void where a court lacks personal jurisdiction over the defendants due to insufficient service of process.  S.E.C. v. Internet Solutions for Bus. Inc., 509 F.3d 1161, 1165 (9th Cir. 2007).  The defendant bears the burden of proving insufficient service in a situation where the defendant had actual notice of the proceeding but delayed in bringing the motion until after entry of default judgment.  Id.  This is a substantial burden, as "a signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence."  Id. at 1166 (internal quotations omitted). Finally, a party moving to set aside a final judgment due to the judgment being void must do so "within a reasonable time."  Fed. R. Civ. P. 60(c).

In cases where a defendant moves to set aside default judgment due to "mistake, inadvertence, surprise, or excusable neglect," the Ninth Circuit has set forward a three-factor test to determine whether to grant defendant's motion: (1) whether plaintiff would be prejudiced if the judgment is set aside, (2) whether defendant has no meritorious defense, or (3) whether defendant's culpable conduct

led to the default. In re Hammer, 940 F.2d 524, 525-26 (9th Cir. 1991); TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). The test is disjunctive, and "[o]nly one of those factors need be present to justify denial of a motion to set aside a default judgment." McManus v. American States Co., 201 F.R.D. 493, 200 (C.D. Cal. 2000) (citing In Re Hammer, 940 F.2d at 526). The burden is on the party seeking to set aside the default judgment to demonstrate that the factors are not present. TCI, 244 F.3d at 696. A party making a motion to set aside judgment due to "mistake, inadvertence, surprise, or excusable neglect" must do so no more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c).

**III. DISCUSSION**

Defendants contend that the default judgment should be set aside because (1) service was improper; and (2) good cause exists for the Court to set aside the default.

**A. Service**

Defendants argue that, as a threshold matter, they were not properly served with the Summons and Complaint, and further that they were not properly served with the notice of motion for default. Plaintiff filed proofs of service with the Court for service of the Summons and Complaint, as well as for the notice of default. Defendants argue that they never received personal service of Summons and Complaint or the notice of default.

Service is proper when a copy of the summons and complaint are delivered "to the individual personally" in the case of an individual defendant, or delivered "to an agent authorized by appointment or by law to receive service of process," in the case

4

of a corporate defendant.  Fed. R. Civ. P. 4.  Ramirez was Stylistic's agent for service of process.

Plaintiff filed with the Court signed proofs of service stating that Plaintiff's process server had personally served Ramirez with the Summons and Complaint on October 21, 2012.  This is prima facie proof that service of process was effected, both on Ramirez and on Stylistics.

In this case, Defendants had knowledge of the lawsuit at least one year before filing the present motion. (Declaration of Jorge Luis Ramirez ("Ramirez Decl."), Dkt. No. 29-2, ¶¶ 9, 13.) Defendants engaged counsel to represent them in this matter on August 9, 2013.  Defendant Ramirez also admits that he discovered "a Court date had been set," which presumptively was prior to the default judgment being granted.  Despite this knowledge, Defendants did not file the present motion until November 12, 2014, over one year after both the Court granted default judgment and Defendants had actual knowledge of this lawsuit.

Because the Court finds that Defendants had actual notice of the proceedings and Plaintiff has presented prima facie evidence of proper service, Defendants can only overcome the presumption of proper service by "strong and convincing evidence" to the contrary. <u>Internet Solutions</u>, 509 F.3d at 1166.

Defendants claim that the process server went to the parking lot of Bank of Manhattan, where Stylistics club members were meeting.  Defendants state that instead of handing Ramirez the service documents, the process server "dropped [the Summons and Complaint] several feet from a group of club members."  (Mot. at 4.)  Defendant Ramirez further states that he did not recall ever

5

being served in the bank parking lot, and that he "subsequently learned" of the lawsuit via "rumors" and "having [his] wife run an internet search to discover a Court date had been set." (Ramirez Decl. ¶ 9.)

The Court finds that Ramirez's affidavit is insufficient to overcome the prima facie evidence of proper service in this case. The only evidence Defendants have provided that process was insufficient is Ramirez's own affidavit, which states that Ramirez was never personally handed papers and suggests that the papers were instead dropped several feet away in the parking lot. (Ramirez Decl. ¶ 9.) This affidavit alone does not constitute strong and convincing evidence service was not effected. See Internet Solutions, 509 F.3d at 1167 (citing Burda Media, Inc. v. Viertel, 417 F.3d 292, 302-03 (2d Cir. 2005), for the proposition that a defaulting defendant could not satisfy his burden of proof where the only evidence that he did not receive service was his own affidavit denying receipt of the summons); see also craigslist, Inc. v. Hubert, 278 F.R.D. 510, 514 (N.D. Cal. 2011) ("[A] self-serving declaration is generally insufficient to defeat a signed return of service.").

The Court further finds that the dispute over service of the notice of default is irrelevant in this case. In order to obtain a default judgment, the party must petition the court. Fed. R. Civ. P. 55(b). If the party against whom default judgment is sought appears personally or through a representative, that party or its representative must be served with written notice of the application for default judgment at least seven days before the hearing. Id.

In this case, the Clerk entered default on May 1, 2013. Plaintiff subsequently moved for default judgment on June 21, 2013. At this point, neither Defendant had appeared, either personally or through counsel. Thus, Plaintiff was not required to serve Defendants with written notice prior to the hearing for default judgment. That Plaintiff attempted service and may have served Defendants with their motion for default judgment is therefore irrelevant to the determination of whether service was proper in this case. The Court finds no sound basis to set aside default judgment in this case, either for improper service of the Summons and Complaint, or for improper service of the motion for default judgment.

**B.   Good Cause**

Defendants further argue that the Court should set aside the default judgment under Rule 60(b) due to the presence of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). When evaluating such a request by a defendant, courts follow the Hammer three-part test. In re Hammer, 940 F.2d at 525-26.

In this case, the Court finds that it has no need to follow the Hammer test, since Defendants filed this Motion more than one year after the Court granted default judgment. Under Rule 60(c), Defendants should have filed their motion for relief no more than one year after the entry of judgment. The Court issued default judgment in this case on July 23, 2013. Defendants are clearly outside the one-year window.

Furthermore, Defendants' counsel was aware of the default judgment in this case as early as August 2013, when Defendants

7

retained him. ("Gross Decl." ¶ 3.) Defendants' counsel met and conferred with Plaintiff's counsel in an attempt to "achieve a stipulation to set aside the default." (Id. ¶ 4.) Though the parties dispute whether an agreement was made regarding the stipulation, there is no sound basis why Defendants' counsel could not have brought this motion at any point between September 2013 and July 2014.

### C. Attorney's Fees and Costs

Plaintiff requests that the Court order Defendants to pay Plaintiff's attorney's fees and costs for "unduly delaying and multiplying the proceedings."

A court may grant attorney's fees under 28 U.S.C. § 1927. Any such sanctions must be supported by a finding of subjective bad faith. Associated Bus. Tel. Sys. Corp. v. Cohn, 95 F.3d 1156 (9th Cir. 1996). Furthermore, "[f]or sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996).

The Court finds that there is no evidence Defendants acted in bad faith. Though their motion was not filed in reasonable time, their arguments were not completely without merit. Plaintiff presents no evidence that Defendants filed this motion frivolously or with an intent to harass. This Court will deny Plaintiff's request for attorney's fees and costs.

///
///
///
///

## IV. CONCLUSION

For the reasons above, Defendants' motion to set aside the default and default judgment is DENIED. Plaintiff's request for attorney's fees is further DENIED.

IT IS SO ORDERED.

Dated: January 23, 2015

DEAN D. PREGERSON
United States District Judge